# UNITED STATES *v.* CAPITAL TRACTION COMPANY.

---

### CRIMINAL LAW; POLICE COURT; STREET RAILWAYS.

A prosecution in the police court of this district should be conducted by the corporation counsel in the name of the District of Columbia, and not by the United States attorney for the District of Columbia, when it is against a street railway company for violation of the act of Congress of May 23, 1908 (35 Stat. at L. 246, chap. 190), providing that street railway companies shall supply and operate a sufficient number of cars, clean and sanitary and in good repair, and so operate them as to give expeditious passage to the public, without crowding the cars; conferring upon the Interstate Commerce Commission authority to compel obedience to the statute, and to make needful regulations to secure such obedience; and requiring prosecutions for the violation of the statute to be made on information of the Commission.   (Citing sec. 932, D. C. Code [31 Stat. at L. 1340, chap. 854], and *United States* v. *Cella,* 37 App. D. C. 433.)

No. 2393.   Submitted March 4, 1912.   Decided April 1, 1912.

HEARING upon a certification of a judge of the Police Court under sec. 933, D. C. Code, of a question for determination by this court.                            *Question answered.*

The facts are stated in the opinion.

*Mr. Clarence R. Wilson,* United States District Attorney, and *Mr. Ralph Given,* for the United States.

*Mr. R. Ross Perry, Mr. R. Ross Perry, Jr.,* and *Mr. G. Thomas Dunlop* for the defendant.

Mr. Justice ROBB delivered the opinion of the Court:

This case comes here upon the certification of a judge of the police court, under sec. 933 of the Code [31 Stat. at L. 1341, chap. 854], to have determined the question whether a prosecution against the Capital Traction Company for an alleged violation of the provisions of sec. 16 of the act of May 23, 1908 (35 Stat. at L. 246, chap. 190), should be conducted by the Attorney of the United States for the District of Columbia or by the corporation counsel.

Sec. 932 of the Code requires "prosecutions for violations of all police or municipal ordinances or regulations, and for violation of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year," to be "conducted" in the name of the District of Columbia, and by the corporation counsel or his assistants. All other criminal prosecutions are required by this section to be conducted in the name of the United States, and by the United States Attorney for this District or his assistants.

Sec. 16 of said act of 1908 requires street railway companies in this District to "supply and operate a sufficient number of cars, clean, sanitary, in good repair, with proper and safe power, equipment, appliances, and service, comfortable and convenient, and so operate the same as to give expeditious passage * * * to all persons desirous of the use of said cars, without crowding said cars." Authority is then conferred upon the Interstate Commerce Commission to require and compel the obedience of all the provisions of this section, "and to make, alter, amend, and enforce all needful rules and regulations to secure said obedience." Penalties are

then provided for violations of the statute or orders or regu-
lations of the Commission. Prosecutions for violations of any
of the provisions of said act are, by sec. 17, required to be on
information of the Commission. This act is local, not general,
in character, and, had the making of the orders and regulations
mentioned in said sec. 16 been intrusted to the commissioners
of the District, instead of to the Interstate Commerce Commis-
sion, it would be clear that the statute and the regulations
in aid of its enforcement were "in the nature of police or
municipal regulations," within the meaning of sec. 932 of the
Code. See *United States* v. *Cella,* 37 App. D. C. 433. That
authority was conferred upon the Commission instead of the
commissioners does not affect the character of the act nor the
regulations for its enforcement. Congress, in the exercise of
its plenary power over District affairs, might confer upon the
Commission all the powers now exercised by the District com-
missioners. Should Congress thus confer local and municipal
powers and duties upon the Commission, it would hardly be
contended that prosecutions for violations of local regulations
promulgated by them should be by the District Attorney; in
other words, under sec. 932 of the Code, the purpose and ef-
fect of a statute or regulation determines the question whether
prosecutions thereunder shall be conducted by the District At-
torney or by the corporation counsel. Congress has imposed
upon the corporation counsel and his assistants the duty of con-
ducting prosecutions involving municipal ordinances ar ! penal
statutes similar in character, that is, prosecutions of a munici-
pal, and not of a general, character. All other prosecutions are
required to be conducted by the United States Attorney.

We rule therefore that prosecutions under sec. 16 of said
act of 1908 should be conducted by the corporation counsel, and
in the name of the District of Columbia.